IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL LLOYD, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 22-cv-6760 ) |
| SYSCO CHICAGO, INC.; and SYSCO CORPORATION, | ) ) ) |
| Defendants. | ) ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants Sysco Chicago, Inc. and Sysco Corporation (collectively, "Sysco") hereby provide notice of removal of this action from the Circuit Court of Cook County, Illinois, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division. In support of this Notice of Removal, Sysco states as follows:

1. On October 24, 2022, Plaintiff Michael Lloyd ("Plaintiff") filed a putative class action complaint against Sysco in the Circuit Court of Cook County, Illinois, captioned *Michael Lloyd v. Sysco Chicago, Inc. and Sysco Corporation*, No. 2022CH10508 (the "State Court Action").

2. Sysco was served with a copy of the Complaint on November 2, 2022.

3. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(3) because it is filed within 30 days of the date that Sysco was served with the Complaint.

4. Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders that have been filed and served in the State Court Action are attached hereto as **Exhibit 1.**

5.  Plaintiff alleges that Sysco violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), through the use of facial scan technology. (*See* Ex. 1, Compl. ¶¶ 40-54.)

6.  Specifically, Plaintiff alleges that Sysco collects, stores, and uses employees' allegedly biometric information (facial scans) while the employees operate and drive Sysco's delivery vehicles and trucks. (*See id.* ¶¶ 3.) Based on those allegations, Plaintiff asserts two counts for alleged violations of BIPA, in both his individual and representative capacity. (*See id.* ¶¶ 40-54.)

### I. Federal Question Jurisdiction Pursuant to 28 U.S.C. § 1331

7.  This Court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331.

8.  A district court has federal question jurisdiction over a claim, and removal is therefore proper on the basis of federal question jurisdiction, when the claim is completely preempted by Section 301 of the Labor Management Relations Act. *Atchley v. Heritage Cable Vision Assocs.*, 101 F.3d 495, 498–99 (7th Cir. 1996). "Section 301 preempts claims directly founded on or 'substantially dependent on analysis of a collective-bargaining agreement.'" *Id.* at 498. "If the resolution of a state law claim depends on the meaning of, or requires the interpretation of, a collective bargaining agreement, the application of state law is preempted and federal labor law principles must be employed to resolve the dispute." *Id.* at 499. "In sum, if it is necessary to interpret express or implied terms of a CBA, a state law claim is completely preempted by § 301, the claim is deemed federal in nature from its inception, and the complaint is deemed one that a defendant can remove." *Id.*

9. According to records maintained by Sysco, at all times relevant to the Complaint, Plaintiff was a member of Teamsters Local 710 (the "Union"), which has been the exclusive bargaining agent for Plaintiff for purposes of collective bargaining with his employer.

10. The collective bargaining agreement ("CBA") between the Union and Plaintiff's employer provides that the Union is Plaintiff's "exclusive representative for the purpose of collective bargaining in respect to wages, benefits, hours of work, and other conditions of employment . . . ." (CBA § 2.1.) It specifies Plaintiff's employer has "[a]ll rights not clearly and specifically abridged by this Agreement" and expressly recognizes that those rights "includ[e] among other things the exclusive right to manage and direct the working forces, the right to implement reasonable work rules and policies, the sole right to suspend, discipline, or discharge for just cause, select, hire, promote, assign, layoff, determine the schedules or work, the type of equipment to be used, methods of sales delivery and distribution." (CBA § 3.1.)

11. The analysis of whether Sysco satisfied BIPA's requirements requires interpretation of the CBA's language concerning the employer's rights to manage and direct its workforce, determine methods, procedures, and equipment, and to determine the nature of work to be performed by the employees and to implement rules and regulations. Similarly, the analysis of whether Sysco obtained any required releases or consents, provided notices, or otherwise violated BIPA with respect to timekeeping practices, requires a determination of whether the CBA's specification of the company's rights to manage and direct its workforce and determine the methods, procedures, equipment, and rules to be utilized by the employees constitute a sufficient written notice and release from Plaintiff's "legally authorized representative" under 740 ILCS 14/15(b)(3).

12. Consequently, because any analysis of Plaintiff's BIPA claims necessarily requires interpretation of the CBA, Plaintiff's claims are completely preempted by Section 301. *See, e.g., Atchley*, 101 F.3d at 498–99.

**II. Venue**

13. Venue is proper in the Northern District of Illinois located in Chicago, Illinois, because the Circuit Court of Cook County action is pending within the jurisdictional confines of this Court. 28 U.S.C. § 1446(a).

14. Sysco will provide written notice of the filing of this Notice of Removal to Plaintiff and the Circuit Court of Cook County.

WHEREFORE, Defendants Sysco Chicago, Inc. and Sysco Corporation hereby remove this civil action to this Court on the bases identified above.

Dated: December 2, 2022

Respectfully submitted,

By: /s/ Amy L. Lenz
Bonnie Keane DelGobbo
Amy L. Lenz
BAKER & HOSTETLER LLP
One North Wacker Drive, Suite 4500
Chicago, Illinois 60606
(312) 416-6200 (phone)
(312) 416-6201 (fax)
bdelgobbo@bakerlaw.com
alenz@bakerlaw.com

Joel Griswold
BAKER & HOSTETLER LLP
SunTrust Center
200 South Orange Avenue, Suite 2300
Orlando, Florida 32801-3432
(407) 649-4088
jcgriswold@bakerlaw.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on December 2, 2022 she caused a true copy of the foregoing Notice of Removal to be served via email to the following attorneys of record:

Douglas M. Werman (dwerman@flsalaw.com)
Maureen A. Salas (msalas@flsalaw.com)
Michael M. Tresnowski (mtresnowski@flsalaw.com)
WERMAN SALAS P.C. -42031
77 W. Washington St., Ste 1402
Chicago, IL 60602
Telephone: (312) 419-1008

Josh G. Konecky (jkonecky@schneiderwallace.com) (to apply Pro Hac Vice)
Nathan B. Piller (npiller@schneiderwallace.com) (to apply Pro Hac Vice)
Philippe M. J. Gaudard (pgaudard@schneiderwallace.com) (to apply Pro Hac Vice)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
200 Powell St., Ste 1400
Emeryville, CA 94608
Telephone: (415) 421-7100

By: /s/ Amy L. Lenz